UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:06-CV-1815 (CEJ) |
| | ) |
| MONSANTO COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Monsanto Company to strike plaintiff's demand for punitive and emotional distress damages in Count I of the amended complaint. Plaintiff opposes the motion and the issues are fully briefed.

**I. Background**

Plaintiff Kathleen Tucker brings this action asserting claims of violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and defamation. In Count I of the amended complaint, plaintiff alleges that Monsanto terminated her employment in retaliation for her inquiries and complaints about her entitlement to overtime compensation. Plaintiff claims that Monsanto's conduct violated the FLSA. See 29 U.S.C. § 215(a)(3). She seeks to recover lost wages and benefits, damages for emotional distress and punitive damages.

At issue here is whether damages for emotional distress and punitive damages are recoverable in an action brought under the FLSA. While the parties disagree on whether such relief is

available, they agree that the law on this issue is unsettled.

**II. Discussion**

The FLSA makes it unlawful to discharge or to discriminate against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . ." 29 U.S.C. § 215(a)(3). An employer who violates the anti-retaliation provisions of the statute "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).[1] The question presented by the instant motion is whether the term "legal and equitable relief" encompasses punitive and emotional distress damages.

**A. Punitive Damages**

Federal circuits are divided on the issue of whether the FLSA allows for the recovery of punitive damages. Compare Travis v. Gary Community Mental Health Ctr., Inc., 921 F.2d 108 (7th Cir. 1990)(Congress intended to allow compensatory and punitive damages by adding "legal relief" to statute's retaliation remedies in 1977), with Snapp v. Unlimited Concepts, Inc., 208 F.3d 928 (11th

---

[1] Congress added this provision in 1977. See Fair Labor Standards Amendments of 1977, Pub.L. 95-151, 91 Stat. 1245, 1252 (1977). Prior to the amendment, the statute provided for only criminal and injunctive relief. See e.g., Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 289 (1960).

Cir. 2000) (punitive damages not available for anti-retaliation violations). The Eighth Circuit Court of Appeals has yet to rule on this matter. However, the issue has been addressed by two district courts in the Circuit with different results.

In Waldermeyer v. ITT Consumer Financial Corp., 782 F. Supp. 86 (E.D. Mo. 1991), the district court for the Eastern District of Missouri ruled, without discussion, that "[p]unitive damages are not available under the FLSA." Id. at 88. In support, the court cited Glorisio v. Williams, 130 F.R.D. 664, 665 (E.D. Wis. 1990), a case in which the district court reached the same conclusion, also without discussion. Conversely, in O'Brien v. DeKalb-Clinton Counties Ambulance District, 1996 WL 565817 (June 24, 1996), the district court for the Western District of Missouri held, after some analysis, that "[i]n the absence of conflicting interpretation of the amended § 216(b) by another circuit, the court is persuaded to follow the Seventh Circuit's reasoning and hold that compensatory and punitive damages are available for violation of the FLSA's anti-retaliation provision." Id. at *6. The "Seventh Circuit's reasoning" mentioned in the opinion was in reference to the decisions in Travis, 921 F.2d 108, and Soto v. Adams Elevator Equip. Co., 941 F.2d 543, 551 (7th Cir. 1991). It must be noted that subsequent to the Western District's ruling, the court of appeals for the Eleventh Circuit rejected the Seventh Circuit's position and ruled that punitive damages were not recoverable under the FLSA's anti-retaliation provision. See Snapp, 208 F.3d 928.

Although the statute appears to be broadly worded, this Court is persuaded by the Eleventh Circuit's reasoning in Snapp and that of the courts who have followed it. In Snapp, the Eleventh Circuit determined the meaning of "legal relief" by "look[ing] for clues within the statute." 208 F.3d at 934. The court looked at three factors in concluding that punitive and emotional damages are not covered under the FLSA.

First, the court observed that the relief provided in § 216(b) "has [something] in common: it is meant to compensate the plaintiff." Id. Therefore, applying the principle of ejusdem generis[2], the court concluded that punitive damages "have nothing to do with compensation," and "would be out of place in a statutory provision aimed at making the plaintiff whole." Id.

Second, the court examined the statute's criminal penalties section which permits punitive sanctions for willful misconduct only in a criminal enforcement context. The conclusion it reached was that Congress "meant the Executive to make a determination regarding which cases of intentional retaliation are so egregious that they warrant the imposition of an additional punitive deterrent." Id.

Third, the Eleventh Circuit looked to the Fifth Circuit's

---

2 *Ejusdem generis* is "the statutory canon that '[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.'" Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 114-115 (2001), quoting 2A N. Singer, Sutherland on Statutes and Statutory Construction § 47.17 (1991).

interpretation of similar language in the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq*.  See Dean v. American Security Ins. Co., 559 F.2d 1036 (5th Cir. 1977).  Section 7(b) of the ADEA provides, in pertinent part: "In any action brought to enforce this chapter the court shall have jurisdiction to grant such *legal or equitable relief* as may be appropriate to effectuate the purposes of this chapter." (emphasis added).  In Dean, the Fifth Circuit concluded that since the ADEA provided liquidated damages without noting punitive damages, Congress intended to preclude punitive damages.  559 F.2d at 1039.  Given the similarity of the statutory language of the ADEA and the FLSA, the Eleventh Circuit concluded that Dean supported a similar reading of the FLSA and precludes the awarding of punitive damages.3

Conversely, in Travis, the Seventh Circuit ruled that the FLSA "authorizes 'legal' relief, a term commonly understood to include compensatory and punitive damages."  921 F.2d at 111.  The court analyzed the 1977 amendment to the FLSA and found that Congress did not describe what relief might be "appropriate, noting that Congress had done "away with the old limitations without

---

3
    Congress mandated that the ADEA "be enforced in accordance with the powers, remedies, and procedures" provided in section 216 (except subsection (a)) of the FLSA.  29 U.S.C. § 626(b).  In identifying the damages available under the ADEA, § 626(b) uses language nearly identical to that found in § 216(b): courts may ward "such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter."  § 626(b).  Thus, case law interpreting the relevant provisions of the ADEA is instructive in the consideration of similar provisions of the FLSA.

establishing new ones." Id. at 112.  Thus, the Seventh Circuit reasoned, it was up to the court to interpret the authorized measures for relief, and since Congress did not limit the damages, "compensation for emotional distress, and punitive damages, are appropriate for intentional torts such as retaliatory discharge." Id. at 111-12.  See also Travis v. Knappenberger, 2000 WL 1853084 at *14 (D.Or. 2000) ("Because the statute provides that the legal and equitable relief available is 'without limitation,' it may include compensatory and punitive damages.").

The Court finds the reasoning in Travis unpersuasive. First, the Travis court did not analyze the FLSA's use of the term "legal relief" in comparison to other related statutes adopted by Congress, such as the ADEA.  Such a comparison yields the inference that Congress intended to grant plaintiffs the same relief as available under the ADEA, which does not include consequential and punitive damages.[4]  When the amendment is viewed in comparison to parallel ADEA provisions, "the more reasonable interpretation would appear to be that Congress understood the limited remedies available under the ADEA retaliation provision and intended to adopt the same standard for FLSA retaliation claims." Goico v. Boeing Co., 347 F.Supp.2d 986 (D.Kan. 2004); See also Snapp, 208

---

4
    Three years later, the Seventh Circuit noted in Moskowitz v. Trustees of Purdue Univ, 5 F.3d. 279, 283 (1993) that the ADEA's language authorizing "such legal or equitable relief … is broad enough to encompass a claim for [consequential] damages, but only when the language is taken out of its context."

– 6 –

F.3d at 934 (rejecting Travis' finding that punitive damages are available under the FLSA).

Furthermore, in Commissioner of Internal Revenue v. Schleier, 515 U.S. 323 (1995), the Supreme Court, in addressing the plaintiff's claim that his settlement under the ADEA was not taxable, noted that "the Courts of Appeals have unanimously held, and respondent does not contest, that the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress." Id. at 326. The Court also noted that monetary damages under the ADEA are limited to back wages, which are clearly of an "economic character, and liquidated damages, which we have already noted serve no compensatory function." Id. at 336.

The Court concludes that plaintiff is cannot recover punitive damages under the FLSA.

### B. Emotional Distress Damages

For similar reasons, the Court concludes that emotional distress damages are not available under the FLSA. In Fielder v. Indianhead Truck Line, Inc., 670 F.2d 806 (8th Cir. 1982), the Eighth Circuit answered the question of whether the ADEA permitted compensation for pain and suffering by relying on the fact that under the FLSA "damages for pain and suffering have never been awarded." Id. at 810. Additionally, in determining that "legal or equitable relief" under the ADEA did not include emotional distress damages the court weighed "the legislative history of the

Act, the unavailability of pain and suffering damages under the FLSA, and the frustration of the clear congressional preference for administrative disposition of administrative claims that allowing pain and suffering damages would cause." Id. See also Bolick v. Brevard County Sheriff's Dept., 937 F. Supp. 1560, 1566 (M.D. Fla. 1996) (holding "punitive and emotional damages are not available under the FLSA") (citing Waldermeyer v. ITT Consumer Fin. Corp., 782 F. Supp. 86 (E.D. Mo. 1991); EEOC v. Local 350, Plumbers & Pipefitters, 842 F. Supp. 417, 422 (D.Nev. 1994) (holding "[t]he FLSA does not allow other compensatory damages such as relief for pain and suffering or punitive damages").

### III. Conclusion

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the motion of defendant Monsanto Company to strike plaintiff's demand for punitive and emotional distress damages [Doc. # 11] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2007.